*United States District Court*
*Northern District of Florida*

~~IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY FLORIDA~~
CIRCUIT CIVIL

FREDDIE WILSON
Plaintiff

CASE NO. 4:19cv141-mw/mjf

vs.

ALLY FINANCIAL
Defendant

## PLAINTIFF FREDDIE WILSON FILES THIS CIVIL SUIT AGAINST ALLY FINANCIAL ON THE GROUNDS OF VIOLATION OF THE FAIR DEBT COLLECTIONS ACT 15 U.S.C. 1692

Comes now the plaintiff Freddie WIlson by and through the uundersigned hereby files this Civil Suit against ALly Financial and in support therof the plaintiff hereby states as follows:

1. The plaintiff Freddie WIlson brings tis action against Ally Financial for the following causes of action. 1. Violation of 15 U.S.C. 1692 A, 15 U.S.C. 1692 (g), Breach of Contract, Violation of Due Process Right 15 U.S.C. 1692 (e) (10), DEfamation.

### PROCEDURAL HISTORY

2. On the date of September 6, 2012. The plaintiff and the defendant entered into a contract to purchase a 2011 Chevy Camaro. The Plaintiff will mark the Retail Installment Sale Contract Simple Finance Charge as (Exhibit A).

3. The Retail Installment Sales Contract states as follows: Federal Truth and Lending Annual Percentage Rate 10.25; Finance Charge $5318.19, Amount Finance $15,752.93; Term of Payments $20,571.12 etc.

4. On or about the date of October 15, 2012. The plaintiff begun making payments on the Chevy Camaro. On the date of October 15, 2012. The plaintiff tendered the follwoing payments on the Chevy Camaro to the defendant Ally Financial and they were as follows: Total Amount paid $290.00. The plaintiff will mark a correspondence that the plaintiff received from the defendant Ally Financial as (Exhibit B).

page 1.

5. On the date of October 4, 2017. The plaintiff wrote a letter to Ally Financial (Exhibit C). Pursuant and according to (Exhibit C) and it reads as follows:

"On the date of September 27, 2017. I had received a letter from your office etc."

6. On the date of October 27, 2017. The defendant responded to the letter that the plaintiff had written to the company and the defendant stated as follows:

" When we did not receive the monthly payments as stipulated in the Contract, your account was charged off."

7. The plaintiff Freddie Wilson is seriously confused and baffled as to why the Defendant enter a charge off on the plaintiff's credit report, because pursuant to the plaintiff's payment history. Even more specificaly (Exhibit B). The account that the plaintiff had with Ally Financial was paid in full on the date of August 26, 2013.

8. Pursuant to the contract that was executed. On the date of September 6, 2012. The plaintiff and the defendant had agreed to have the Chevy Camaro serviced at Napelton Chrysler or any other authrorized mechanic facility that would honor the service agrement.

9. Furthermore, the parties agreed that once the plaintiff tender the $1,600 payment this money would be applied to the servicing of the vehicle.

10. Pursuant to the contract that was executed between the parties and the provision of the contract that pertians to money being refunded to the party read as follows:

" I we obtain a refund of insurance maintanance service or other contract charges you agree that we may subtract the refund for what you owe."

11. Pursuant to the Other Promises To Us provision of the contract the defendant could have subtracted any money that they felt that was owed to them from the service agreement aspect of the contract.

11.A Pursuant and according to the contract that was executed between Ally Financial and the plaintiff Freddie WIlson Ally Financial was fully aware that their was a surplus in the contract, and the defendant in this case insist on being "stubborn and bull headed" and refused to ignore the contract.

11.B. Wherefore, once the defendant elected to ignore the contract executed on the date of September 6, 2012. The defendant's action was reprehensible.

12. Pursuant and according to the contract that was executed between the two parties the surplus in the contract would act as a stay of collections activities and derogatory credit inquires inserted upon the plaintiff's credit and once they over step and disregarded the commentary of the contract executed between the two parties the defendant breach the contract. Wherefore, the plaintiff Freddie WIlson brings these causes of actions against this company for failing to abide by the contract executed between the two parties.

COUNT ONE<br>BREACH OF CONTRACT

13. On the date of September 6, 2012. The plaintiff and the defendant entered into a contract to finace a 2011 Chevy Camaro. The parties had aggred that the plaintiff will tender it's payments to the defendant Ally Financial. On the date of October 15, 2012. The plaintiff begun to tender his payments to the defendant as prescribed in the contract. On or about the date of November 14, 2012. The Internal Revenue Service took over ownership of the Chevy Camaro and the plaintiff called the defendant and notified of the fact that the automobile was in the possession of the Internal Revenue Service. It worth noting that even though the plaintiff lost it's ownership in the Chevy Camaro. The plaintiff continued to tender his payments to Ally Financial. Please see attached (Exhibit A). Pursuant and accoriding to the Retail Service Contract and it reads as follows:

> What happens to refunded insurance, maintanance, service or other contract I we obtain a refund of insurance maintance service or other contract charges you agree that we may subtract the refund for what you owe. Please see Other Important Aggrments Paragraph 2,E.Your other Promises to us

The defendant was fully aware and they knew that their was a surplus in the contract and the defendant could have enforced the Your Other Promisses To Us clause of the contract and subtract any money that they believe that is owed to them from the maintance aspect of the contract. It is also worth noting that the plaintiff did not have the Chevy Camaro serviced because the plaintiff Freddie WIlson only had the vehicle for such a short period of time. Wherfore, their was a surplus in the contract in the amount of $1,600 that was available to take care of any money that they felt was being owed and due to them.

14. Because of the action(s) of the Defendant Ally Finanical. The plaintiff has suffered a monetary damage in the amount of $25,000.

## COUNT TWO
### VIOLATION OF 1692 U.S.C. § 1692 (e)

15. Plaintiff repeats and alleges paragraph 1- 14

15. 15 U.S.C. § 1692 (e) reads as follows:

The false representation of-- A. The character, amount , or legal status of any debt.

16. The plaintiff Freddie WIlson presents to the court how the defendant violated this statue and in support the plaintiff Freddie herbey states as follows:

17. As the plaintiff has narrated and demonstrated herein. The defendant in this case failed to properly take into equation that their was a surplus in the contract executed between the two parties and as the plaintiff has narrated herein. Once their is an surplus in the contract. The defendant has every right to subtract money from the surplus in the contract. Wherefeore, once the defendant failed to subtract the money that was owed to the defendant from the surplus of the contract. The defendant in the above-styled case violated 15 U.S.C. § 1692 (e) by charaterizing that their was an outstanding debt being owed to the defendant. The plaintiff is attaching and enclsoing herein a photocopy of a Settlement Agreemnet that the plaintiff and the defendant The Mechanic has entered into (Exhibit C). The plaintiff Freddie WIlson enters this Settlement Agreement into evidence to show and prove that their was a surplus in the contract executed between the parties. As narrated in this civil suit their was a surplus of $1,600 in the contract and the surplus that is in the contract could have taken care of any outstanding balances that Ally Financial felt as though was owed to them.

18. Wherefore, once Ally Financial failed to due their due deligence in this case the defendant violated 15 U.S.C. § 1692 (e) and the plaintiff has suffered a moneytary damage in the amount of $25,000.00 because of the action(s) of the defendant Ally Financial.

## COUNT THREE
### VIOLATION OF 15 U.S.C. § 1692 (g)

Plaintiff repeats and alleges paragraph s 15-18

19. The plaintiff Freddie WIlson had obtained a photocopy of the plaintiff's credit report, and pursuant and according the plaintiff's credit report. The defendant in this case is still pursueing the $37.00 that is believes that is owed to the defendant, and eventhough after being presented with the evidence that their is a surplus in the contract. The defendant insist on being stubborned and bull headed and continue to try and recoup $37.00 which it is not owed to them and in addition to the surplus i.e. service contract surplus. The Internal Revenue Service paid the Chevy Camaro off in full. Please see attached (Exhibit B) corroborating everything that the plaintiff is relaying to this court as factual and true.

20. Wherefore, once the defendant Ally Financial continues to come after $37.00 which it believes that is owed to them. The defendant is violating 15 U.S.C. § 1692 (g) and this statue reads as follows:

### 15 U.S.C. § 1692 (g)

Cease collection collection efforts until the debt was validated.

21. The defendant in the above-styled case has failed miserably to follow the laws enacted by Congress. Even more specifically the plaintiff Freddie Wilson relayed to the defendant that their is an surplus in the contract and the plaintiff's pleas and cires has fallen upon death ears.

22. Wherefore, once the defendant violated 15 U.S.C. § 1692 G. The defendant is liable to the plaintiff and the plaintiff has suffered amoneytary damage in the amount of $25,000.00.

### COUNT FOUR
### DEFAMATION OF CHARACTER

Plaintiff repeats and allege paragraph 19- 22

23. As narrated and demonstrated herein. The plaintiff Freddie WIlson obtained a copy of his Transunion and Equiafx credit report and pursuant and according to the plaintiff' credit reports. The plaintff's credit report indicates that the plaintiff has fell behind in his payments to this company to the tune of 120 days and the account is in collections which is false and the defendant knows that this is false.

24. And eventhough the defendant knows that the account was paid in full by the Internal Revenue Service . On the date of August 26, 2013. The defendant refuses to comply with the laws enacted by Congress and continue to ruin the plaintiff's credit report. It is worth noting that the plaintiff Freddie WIlson is going to be release from prison in approximately 22 days of the writing of this civil complaint and the collections account that is showing up against the plaintiff's credit will hurt the prospect of the plaintiff finding gainful employement and decent place to live.

25. wherefore, the plaintiff files this cause of action against the defendant on the grounds of Defamation of Character because the defendant in this case is bull headed and the defendant refuse to adhere to the commmands of Congress.

26. The plaintiff Freddie WIlson has suffered a moneytary damage in the amount of $25,000.00 because of the actions of the defendant.

COUNT FIVE
15 U.S.C. 1692 (e) (10)
FALSE REPRESENTATION

Plaintiff repeat and alleges 23-28

27. The defendant Ally Financial is violating 15 U.S.C. § 1692 (e) (10) by falsely representing that their is outstanding balance being owed on the account that the plaintiff has with Ally Finacial. As the plaintiff Freddie WIlson has demonstrated and narrated in this complaint. The account was paid off. on the date of August 23, 2013. The account was paid in full and eventhough the account was paid in full. The defendant continues to say that their is an outstading balance and the account is in collections. Once the defendant engage in such reprehensible behaviour. The defendant is falsely representing that their is an outstanding debt with this company which is a " bald face lie" and the law is crystal clear as to the actions of a debt collector and the law reads as follows;

15 U.S.C. § 1692

It is the purpose of this title 15 U.S.C. 1692 to eliminate abusive debt collection practices by debt collectors to insure that these debt collectors who refrain from using abusive debt collection practices are not competitively disadvantage and to promote consistently state action to protect consumers against debt collection abuses.

page 6.

25. Wherefore, once the defendant Ally Financial enagage in such reprehensible behaviour. Even more specifically engage in collections activity even after being fully compensated in full. The defendant violated the laws enacted by Congress and the plaintiff Freddie Wilson has suffered a moneytary damage in the amount of $25,000.00 beacuse of the actions of the defendant Ally Financial.

COUNT SIX
DEPRIVATION OF CONSTITUTIONAL RIGHT TO DUE PROCESS

Plaintiff repeats and realleges paragraph 27-28

29. The plaintiff Freddie WIlson was deprived of his Constitutional Right to Due Process under the United States Constitution, case and point. The defendant Ally Financial never once mailed the plaintiff a letter stating that their was an outstanding balance being owed on the account as required by the law enacated by Congress. Even more specifically, the Fair Debt Collections Act.

29-A. Furthermore, the defendant did not attempt to call the plaintiff's case manager or his counselor at any of the prison facilities that the plaintiff was incarcerated in. The defendant was fully aware tha the plaintiff was incarcerated and the defendant did not once write a letter to the plaintiff indicating that their was an outstanding balance on the account that the plaintiff had with the company. The defendant in this case insist on doing things their way and not give the plaintiff Freddie WIlson an opportunity to be heard and they failed miserably to provide the plaintiff with a letter indicating that their was outstanding balance being owed to the defendant.

30. Wherefore, once the defendant failed to provide the plaintiff with notice as required by the laws enacted by Congress. The plaintiff has suffered a moneytary damage in the amount of $50,000.00.

COUNT SEVEN
ACCOUNTING

Plaintiff repeats and realleges paragraph 29-30

31. On or about the date of October 27, 2017. The plaintiff Freddie Wilson had received a letter from the defendant Ally Financial and in the body of the letter it reads as follows:

" Enclosed is a copy for your review. When we did not receive the monthly payment as stipulated in the Contract, your account was charged off. We sent the enclosed letter dated August 27, 2013 to your address of record informing you of such. On March 24, 2015 we recieved a payment from IRS/ US Treasury via wire transfer for $12,085.78 which we applied to your account resulting in a remaining balance $37.22.

<u>PURSUANT AND ACCORDING TO THE LETTER DATED DATED 9-27-2017</u>
<u>AND IT READS AS FOLLOWS:</u>

On the date of August 26, 2013 $12,123.00 was tendered on the account, and as to why the defendant is not recognizing the fact that the Internal Revenue Service paid the vehicle off in it's entirety simply goes against all that is logical and just as narrated and demonstrated herein the Internal Revenue Service tendered $12,123.00 to have the vehicle paid off in full.

32. The letter that the plaintiff from Ally Financial directly contradicts the defendant's position that their is an outstanding balance being owed and due on the account. Wherefore, the plaintiff Freddie WIlson files the forgoing to substantiate his claims made against the defendant for False Representaion as well aa a cause of action for accounting because the evidence in this case clearly shows that $12,123.00 was tendered to have a clear titile for the vehicle, and once the defendant engagd in such reprehensible behaviour. The plaintiff has suffered a monetary damage in the amount of $25,000.00.

CONCLUSION

The plaintiff Freddie WIlson had written numerous of letters to the defendant in an attempt to resolve this matter as economically as possible, however the defendant in this case refuses to provide the plaintiff with discovery documents. The defendant insist on being stubborn and bull headed and insert a collections account on the plaintiff's credit. Even though the account was paid in full. The defendant still insist on ignoring the fact thet it was paid in full. Wherefore, the plaintiff brings this law suit against the defendant for $175,000.00

PRAYER

The plaintiff Freddie WIlson has suffered a monetary damage in the amount of $175,000.00

page 8.

The plaintiff prays that this court issue an order removing the collections account from the plaintiff's credit report. The plaintiff Freddie Wilson prays that this court enter a judgment against the defendant in the amount of $175,000.00.

*[signature]*
Freddie Wilson, Pro-Se
FPC Camp Talladega
P.O. Box 2000
Talladega, AL. 35160

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been furnished by United States Mail to C.T. Corporation 1200 South Pine Island Road Plantation, Florida 33324 and Mrs. Nikki Tippen P.O. Box 5161 Southfield, MI 48088-5161 this 1-29 2019

*[signature]*
Freddie Wilson, Pro-Se
FPC Camp Talladega
P.O. Box 2000
Talladega, AL. 35160

Freddie Wilson
Keeton corrections
3190 Springhill road
Suite 3
Tallahassee, FL 32301



MAR 25 2019

Northern District of Florida United States Courthouse
111 North Adams Street
Suite 322
Tallahassee, FL 32301

Legal mail
3-21-2019