UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDDIE WILSON,

    Plaintiff,

v.                                        Case No.  4:19-cv-141-AW/MJF

ALLY FINANCIAL INC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before this court is the Defendant's Motion to Dismiss and memorandum of law (ECF Nos. 20, 21) and the Plaintiff's response thereto (ECF No. 22). Upon review of the record and the filings of the party, the undersigned recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).[1]

**I.   Background**

Plaintiff commenced this action by filing a complaint pursuant to 15 U.S.C. § 1692 (ECF No. 1) against the Defendant Ally Financial Inc. Plaintiff's complaint contains seven counts, including claims for breach of contract, defamation, and

---

[1] The case was referred to the undersigned to address preliminary orders and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (*Id.*). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 15). After Plaintiff filed his motion to proceed *in forma pauperis*, the Defendant filed a motion to dismiss. Defendant argues that this action should be dismissed with prejudice because Plaintiff has filed at least three suits in Federal Courts that have been dismissed for a failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915. Plaintiff filed a response, in which he concedes that he is in custody and has filed at least three cases that were dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915. Plaintiff seeks a stay in this case until he is released from custody.

**II.    Standard**

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "generally authorizes courts to waive ordinary filing fees for an indigent litigant seeking to bring a lawsuit." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014) (citing 28 U.S.C. § 1915(a)(1)). In light of "widespread concerns that inmates had been flooding the courts with meritless claims, Congress enacted the Prison Litigation Reform Act (PLRA)." *Id.* The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) ("Congress [in enacting the 'three

strikes' provision] was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system.").

In pursuit of that goal, 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statute does not banish such litigants from the courthouse. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception.").

Failure to pay the filing fee at the time a Plaintiff submits the complaint warrants dismissal. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint

without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates his suit).

### III. Discussion

#### A. Plaintiff's Status as a "Prisoner"

Section 1915(g) applies only to prisoners. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . ."); *Harris v. Garner*, 216 F.3d 970, 975-77 (discussing Congress' intent in using the word "brings" to indicate that the determining factor in whether the PLRA's restrictive provision applies is whether the plaintiff is confined at the time he files the suit). A prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicate delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Here, Plaintiff concedes that he is detained at Keeton Corrections, and will be released on July 12, 2019. (ECF No. 22 at 2). Further, a review of Plaintiff's complaint shows that at the time of filing the complaint, he was confined at FPC Camp Talladega. (*see* ECF No. 1 at 9). In light of his release date, Plaintiff seeks a stay in the proceeding until he is released. But the "release of an inmate after he has

filed a lawsuit is irrelevant" for the purpose of determining whether the PLRA applies to a plaintiff. *See Harris*, 216 F.3d at 981-82. Because Plaintiff was confined at the time of filing his complaint, the PLRA requirements apply.

### B. Plaintiff's History of Federal Litigation

Defendant identifies, and Plaintiff concedes, that in addition to the present action, Plaintiff has filed four other actions in federal courts, and these cases were dismissed:

- *Wilson v. Bank of America*, No. 8:16-cv-02102-SM-AAS (M.D. Fla. Dec. 29, 2016) (dismissing for failing to state a claim upon which relief might be granted);

- *Wilson v. Tremmel*, No. 16-14982-E (11th Cir. Jan 10, 2017) (dismissing the appeal based on its frivolity);[2]

- *Wilson v. Bank of America*, No. 17-10127-G (11th Cir. 2017 Oct. 26, 2017) (dismissing the appeal based on its frivolity).

(ECF Nos. 21 at 3, 22 at 2). Each of these cases qualifies as a "strike" for the purpose of § 1915(g), and each was dismissed prior to the date Plaintiff filed this instant action.

---

[2] A dismissal of an appeal as frivolous or meritless is sufficient to count as a strike. S*ee Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).

Additionally, another case filed by Plaintiff was dismissed because Plaintiff had already accrued three strikes. *See Wilson v. Ally Financial Inc.*, No. 1:18-cv-00077 (N.D. Ala. May 17, 2018). Therefore, Plaintiff is precluded from litigating this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ciarpaglini*, 352 F.3d at 329.

### C. The "Imminent Danger of Serious Physical Injury" Exception

As noted above, there is a narrow exception to the rule precluding a litigant with "three strikes" from proceeding *in forma pauperis*; namely, when a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). To fall within this exception, a complaint at a minimum must allege that the plaintiff is in "imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. A mere conclusory assertion of imminent danger is insufficient, however. *See Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Stated another way, to qualify under this exception, the complaint must contain specific factual allegations of ongoing serious physical injury, or of pattern of misconduct reflecting a likelihood of imminent serious physical injury. *See Martin*, 319 F.3d at 1050.

Here, Plaintiff's allegations do not indicate that Plaintiff is in imminent danger of serious physical injury. Indeed, Plaintiff's claims are for breach of contract, defamation, a Fair Debt Collections Practices Act claim, false representation, violation of his constitutional right to due process, and accounting. Every claim in his complaint revolves around a contract for the purchase of a 2011 Chevrolet Camaro. Even assuming that the allegations in Plaintiff's complaint are true, nothing in Plaintiff's complaint suggests that Plaintiff faces an imminent danger of serious physical injury. Therefore, Plaintiff has failed to establish that he may proceed *in forma pauperis* in this action.

### D. The Proper Course of Action is Dismissal Without Prejudice

Defendant seeks dismissal with prejudice. Dismissal for failure to pay the filing fee pursuant to the provisions of § 1915 does not banish a litigant from the courthouse, however. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception."). As the Eleventh Circuit has noted, under the Prison Litigation Reform Act, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provisions of § 1915(g)." *Dupree v.*

*Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the undersigned recommends that this action be dismissed without prejudice.

## IV.   Conclusion

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 15) be **DENIED**; and

2. Defendant's motion to dismiss this case be **GRANTED IN PART** and **DENIED IN PART.**

3. That this case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the filing fee.

In Panama City Beach, Florida this 9th day of July 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.